**Faith HILDENBRAND et al., Plaintiffs,**

v.

**Donald C. SMITH, Director, Michigan Department of Mental Health, et al., Defendants.**

**No. 770399.**

United States District Court,
E. D. Michigan, S. D.

Feb. 24, 1978.

Patrick A. Keenan, Detroit, Mich., for plaintiffs.

Thomas R. Wheeker, Asst. Atty. Gen., Lansing, Mich., for defendants.

MEMORANDUM AND ORDER

DeMASCIO, District Judge.

The plaintiff has filed a complaint wherein she alleges that the defendants "unilater-

ally, arbitrarily and unlawfully" discharge committed mental patients from state hospitals without "notice or hearing." She contends that this procedure violates her right to due process. On November 25, 1977, we denied a request to certify this cause as a class action because plaintiff could not establish that the class she sought to represent exists or that she could adequately represent the interests of that purported class.

At oral argument on the plaintiff's motion to certify the class, we suggested to the parties that abstention was a proper course of action for this court to follow. We, therefore, asked the parties to brief that issue, and they have done so. Both the plaintiff and the defendant have suggested that this case is not appropriate for abstention since no possible interpretation of the state statute in question would obviate the need for this court to rule on the constitutional issue presented. Although we have great respect for the opinion of the Attorney General as to state law, we must respectfully disagree.

In *Railroad Commission of Texas v. Pullman Co.*, 312 U.S. 496, 61 S.Ct. 643, 85 L.Ed. 971 (1941), the Supreme Court established the doctrine of abstention. The Court held that a federal court should not decide an issue that could be resolved by the interpretation of a state statute by the state court. Subsequently, in *Harris County Commissioners Court v. Moore*, 420 U.S. 77, 95 S.Ct. 870, 43 L.Ed.2d 32 (1975), the Court did indeed point out that abstention should be invoked only in "special circumstances." 420 U.S. at 83, 95 S.Ct. 870. The Court indicated, however, that the strongest case for abstention was where the federal constitutional challenge turns on the meaning of an unclear state statute. The Court concluded:

> If the state courts would be likely to construe the statute in a fashion that would avoid the need for a federal constitutional ruling or otherwise significantly modify the federal claim, the argument for abstention is strong.

420 U.S. at 84, 95 S.Ct. at 875. *See Kusper v. Pontikes*, 414 U.S. 51, 55, 94 S.Ct. 303, 38 L.Ed.2d 260 (1973) (abstention only where state law is uncertain).

The Michigan statute that the plaintiff claims does not afford her due process is M.C.L.A. § 330.1476 (1975), which provides in full:

> (1) The director may at any time discharge a voluntarily or judicially hospitalized patient whom the director deems clinically suitable for discharge.
>
> (2) The director shall discharge a patient hospitalized by court order when the patient's mental condition is such that he no longer meets the criteria of a person requiring treatment.
>
> (3) If a patient discharged pursuant to subsection (1) or (2) has been hospitalized by court order, or if court proceedings are pending, the court shall be notified of the discharge by the hospital.

We believe that the Michigan courts are likely to hold that § 330.1476 requires notice and a hearing before a judicially committed patient can be discharged.

In *In Re Cawley*, 369 Mich. 611, 120 N.W.2d 816 (1963), the court held that the discharge of a committed mental patient was solely within the discretion of the superintendent. The court was interpreting the forerunner to § 330.1476 (which was adopted by P.L.1974, No. 258), C.L.1948 § 330.35a, which provided:

> The medical superintendent may discharge any patient whose discharge in the judgment of the superintendent shall not be detrimental to the public nor detrimental to the patient.

Certainly, the legislature must have had something in mind when they added the requirement that the committing court be notified of the discharge. The legislature must have intended that the court actually do something once it was notified, otherwise the requirement of notification would be superfluous. The only action that the court could take, in our view, would be to afford the discharged patient notice and an opportunity to be heard. We believe that this interpretation of § 330.1476(3) is sound

and that a Michigan court, if presented the issue, is likely to follow it.

The above interpretation is strengthened by an overview of several other provisions on the Michigan mental health code. M.C. L.A. § 330.1468(2) (1975) allows a court to order an individual hospitalized if it finds him to be a person requiring treatment. It is quite possible that a Michigan court would hold that the court has a duty to make a determination under § 330.1476(3) when it receives notice that the director has released a patient under § 330.1468. In addition, § 330.1452(c) (1975) requires the court to hold a hearing within 14 days of the receipt of a "petition for a determination that an individual *continues* to be a person requiring treatment and a certificate executed by a psychiatrist." (Emphasis added.) The requirement of a hearing for a continuing patient would appear to apply only to the instant case because a continuing patient who is not being discharged has no need for a hearing to determine that he still requires treatment. Consequently, it is possible that a Michigan court would hold that the notice required by § 330.1476(3) is a petition within the meaning of § 330.1452(c).

If a Michigan court does hold that a discharged patient must be given notice and an opportunity to be heard, then the constitutional claim presented by this plaintiff will be moot. We are obliged to give Michigan courts the opportunity to resolve that issue of state law before we proceed with this case.

IT IS SO ORDERED.